UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES LEE PALMER, No. 53706-097,

    Petitioner,

    v.

WARDEN DANIEL SPROUL,

    Respondent.

Case No. 25-cv-118-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner James Lee Palmer's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) in which he appears to either challenge the calculation of his sentence or his placement in a prison rather than home confinement. He is currently housed at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"). Warden Daniel Sproul is the warden at FCI-Marion. The Court also considers Palmer's motion for emergency relief (Doc. 2).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In September 2017, the petitioner was sentenced in the United States District Court for the Southern District of Iowa to serve 120 months in prison for possession of child pornography. *United States v. Palmer*, No. 1:17-cr-3-RGE-HCA. He is currently incarcerated at FCI-Marion

with a projected release date of August 2, 2025.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited January 30, 2025).

The nature of his claims is unclear.  At some points, the petitioner appears to complain of the respondent's June 2024 denial of his April 2024 request for compassionate release based on his own failing health.  At other points, he appears to complain that, although his "Good Conduct Time" release date is February 2, 2025, he will be held in prison longer.  And at other points, he appears to complain that the respondent will not release him to home confinement on February 2, 2025.  The relief he requests is placement on home confinement or immediate release on February 2, 2025.

In support of his request, he attaches a form entitled Sentence Monitoring Computation Data as of 10-31-2024, which reflects his home detention eligibility date of February 2, 2025, and a projected release date of August 2, 2025.  He also attaches a June 2024 memo from the respondent stating that his "Good Conduct Time" release date is February 2, 2025.

To the extent the petitioner challenges the denial of his request to the respondent for compassionate release, he should file a motion for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. 3582(c)(1)(A)), in his criminal case.  There is no authority to grant such relief in a § 2241 proceeding.

To the extent the petitioner seeks home confinement, as opposed to imprisonment, beginning February 2, 2025, and continuing until he is released on August 2, 2025, he is challenging a Bureau of Prisons ("BOP") placement decision.  The Court does not have jurisdiction to entertain such a request.  "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."

*United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" over placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement). The petitioner may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

Finally, to the extent the petitioner challenges the BOP's calculation that he is entitled to release on August 2, 2025, instead of February 2, 2025, that decision is reviewable. A petitioner may bring a § 2241 petition to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585. *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). Thus, the petitioner's claims are properly raised in this § 2241 petition. Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, as to this aspect of the § 2241 petition, the Court concludes that it survives preliminary review pursuant to Rule 4, and the Court will order a response.

The Court also considers the petitioner's motion for emergency relief in the form of release from prison on February 2, 2025. The Court will not order such relief in such a short time (February 2, 2025, is this coming Sunday) without giving the respondent a full and fair opportunity to present his side of the issue. For all the Court knows, and consistent with the

documents the petitioner has attached to his motion, he may be released on February 2, 2025. The Court will therefore deny the petitioner's motion for emergency relief (Doc. 2) but will expedite this case, including the respondent's response, to provide Palmer any relief to which he is entitled as soon as possible.

**IT IS THEREFORE ORDERED** that the petitioner's motion for emergency relief (Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the respondent shall answer or otherwise plead on or before **February 20, 2025**. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 14 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

The petitioner is further **REMINDED** that he must pay the $5.00 filing fee for this action on or before **February 25, 2025** (Doc. 4).

**IT IS SO ORDERED.**
**DATED:  January 30, 2025**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**